UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.

JOSUE ANGEL MUNIZ

Civil No. 3:04CV591LS
Criminal No. 3:03CR47LS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Josue Angel Muniz to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  The government opposes the motion, and the court, having considered the parties' memoranda and submissions, concludes that the motion should be denied.

On May 13, 2003, pursuant to a written memorandum of understanding with the government, Muniz pled guilty to one count of conspiracy to distribute cocaine.[1]  The court entered judgment on August 6, 2003, and sentenced Muniz to a total of 130 months' imprisonment.  On August 2, 2004, Muniz filed the present § 2255 motion, claiming ineffective assistance of counsel.  The government, in its response, has asked the court to dismiss defendant's § 2255 motion based upon his prior waiver of his right to seek § 2255 relief, or in the alternative, to deny the motion on the merits.

Under the terms of his plea agreement, Muniz waived his right to collaterally attack his sentence via § 2255.  It is well settled that an informed and voluntary waiver of a right to file a

---

[1] Defendant was charged with one count of conspiracy to distribute an amount in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and with one count of possession with the intent to distribute 17.7 kilograms of cocaine in violation of 21 U.S.C. § 841.

§ 2255 motion will be enforced.  United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  A review of the guilty plea transcript reveals that Muniz knowingly and voluntarily waived his right to seek § 2255 relief.  There is a limited exception to this rule applicable to certain ineffective assistance of counsel arguments.  "[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."  U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002).

In his motion, Muniz has asserted the following four grounds as bases for his ineffective assistance of counsel claim: 1) counsel's failure to pursue an appeal; 2) counsel's failure to consult with defendant regarding the presentence report; 3) counsel's coercion of his guilty plea; and 4) counsel's failure to object to an unconstitutional search and seizure and illegal sentence enhancement in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 2403 (2004).  The government correctly points out that ground one, counsel's failure to pursue an appeal, and ground two, counsel's alleged failure to review the presentence report prior to sentencing, relate to matters subsequent to Muniz's guilty plea.  Similarly, ground four, challenging counsel's failure to object to the search and seizure, relates to a possible defense defendant could have asserted had he not pled guilty.  As for defendant's claim that his counsel failed to object to an alleged sentence enhancement in light of Blakely and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.

Ed. 2d 621 (2005), the Supreme Court's ruling in <u>Booker</u> is not retroactively applicable to cases on collateral review.  <u>Booker</u>, 543 U.S. 220.  Because Muniz's conviction became final on August 6, 2003, before <u>Booker</u> was decided, he is not entitled to relief under <u>Booker</u>.  125 S. Ct. at 769 ("As these dispositions indicate, we must apply today's holdings–both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act–to all cases on direct review.")

    Nevertheless, the government admits that defendant's remaining allegation of coercion, as set forth in ground three, has bearing on the voluntariness of his plea.  In his petition, Muniz asserts that his "counsel coerced [his] guilty plea in order to conceal her unpreparedness for trial, which constitutes ineffective assistance of counsel."  However, defendant fails to explain this vague allegation.  In his accompanying brief, his discussion of counsel's alleged "ineffective" representation does not even mention coercion, and instead he addresses only the legal standard for effective assistance of counsel articulated in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  He claims, without factual support, that "both prongs of the <u>Strickland</u> test can be satisfied."

    In response to this allegation, the government argues that defendant has failed to specify how his counsel coerced him into pleading guilty and points to the absence of any allegation that defendant was threatened or intimidated by his counsel or anyone else.  In addition, the government has presented the affidavit of

Cynthia A. Stewart, Muniz's attorney, in which she maintains that she discussed with Muniz his options, including the possibility of filing a motion to suppress in his case, as well as the possibility of a motion by the government for a downward departure if he cooperated with the government.  She states that he repeatedly informed her that "he just wanted to plead guilty and do his time."  Muniz has not responded to Stewart's affidavit.

Finally, a review of the guilty plea transcript confirms that Muniz stated to the court that he was satisfied with Stewart's representation and that no one had threatened, coerced, harassed or intimidated him to persuade him to plead guilty.  Based on the foregoing, the court cannot conclude that defendant's plea was the result of coercion or intimidation.[2]

Accordingly, petitioner's motion to vacate, set aside or correct his sentence is denied.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this 21st day of December, 2005.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2] The court is of the opinion that petitioner's unsubstantiated and vague allegation is insufficient to obtain § 2255 relief, Koch v. Puckett, 907 F. 2d 524, 530 (5th Cir. 1990), and the court is not required under the circumstance to conduct a hearing on the matter, U.S. v. Coronado, 554 F.2d 166, 171 (5th Cir. 1977).